Kumar. Thanks. Can I proceed? No, give folks just a second. I'm going to get this. I'm going to All right. Mr. Furnish, did I pronounce it right? Well done, well done. All right. May it please the Court, I hope you'll permit my reading for a few minutes as I try to clarify and simplify the arguments in my briefs, distilling them to their essence. This case is about the scope of false or forged passport use under Section 1543 of Title 18, an obscure statute comprising the specified use of a passport, and the specified unlawful activity that anchored the money laundering charges at issue. Now, as its title suggests and its plain text confirms, the statute's crux is the actual attempted or intended use, use of a fraudulent passport. Illustrative is this Court's decision in Jabouri, where an Iraqi national attempted to enter the United States from Romania by presenting a false Swedish passport at Kennedy Airport. Now, in contrast, and this is important, a companion provision, Section 1546A, a loan among the group of related immigration statutes codified at Sections 1541 through 47 of Title 18, a loan among those statutes, 1546A, a loan among the group of statutes, 1546A, bans simple possession of altered immigration documents, to paraphrase the D.C. Circuit in Viner. Illustrative is this Court's decision in Rahman, which upheld the defendant's 1546 conviction for possessing fraudulent Nicaraguan passports outside his Brooklyn apartment, rejecting his claim that the statute, 1546A, does not cover simple possession of forged foreign passports. Now, in this money laundering statute, bars financial transactions with the intent to conceal the nature of the property, believed to be represented. Why isn't it enough if the evidence shows that it's a fraudulent transaction? Why isn't it enough if the evidence shows that he understands this is money from the sale of forged passports? Why isn't that enough to show that he believed this to be the proceeds of specified unlawful activity? Well, the specified unlawful activity charged in the information, Your Honor, is a specific violation of a particular statute, 1543. And 1543, by its terms, requires actual intended or attempted infringement of the use of the false or fraudulent passport, whereas 1546... Why else would someone buy a forged or fraudulent passport but to use it? And we're talking about tens of thousands of dollars in proceeds. Well, the way that I read the record when I first read it, it's crucial to understand that this is a forged Indian passport. And the facts of this case, the government... Forged Indian passports for individuals who were within the United States and wanted those passports for some reason related to their presence in the United States. Well, that's an assumption, respectfully, Your Honor, in the record. For some reason... Is that an assumption or is that a reasonable inference that the jury could draw? Well, my reasonable inference, and I'll be candid with you on first reading the record, was that these folks wanted the passports to be able to travel back to their home in India because the passport had expired in the interim while they were here in the U.S. unlawfully. So that was certainly my inference. Counsel, it seems to me there's a mismatch between the argument you're making now and what was requested. And I think that mismatch might get us to a different place as to what part of your argument is subject to a harmlessness analysis and what part of your argument would be subject to a plain error review. And the argument you're making about what kind of use or geographically where the forged passport would be shown to be used was not an argument below that defense counsel, I assume it wasn't you... included from making to the jury or a specific instruction that would have limited the jury's available inferences to that. So I think to analyze what you're arguing now, we're under plain error. Do you agree with that? No, I don't, respectfully, Judge Nathan. And I'm simply... I really thought about this in preparation for the argument this morning. And I don't think we even really need to wade into the issue of foreign versus domestic use. There's no proof of contemplated use in this record at all. At all. And as simple as... Well, but again, this is to my colleague's point. Could the jury have concluded that an anticipated purchase of a forged Indian passport in the United States could be used in the United States, which seems to be a perfectly available inference, then under plain error, you'd lose. Well, I don't think we're subject to plain error review because all we're talking about now is the charge. And the charge would have tracked the elements of the statute and required... No, the request was for the language of the statute to be provided. Yes. And how would that have changed the ability or disability to make the argument that you're making? The language of the statute, just simply reading it by its terms, calls for actual intended or attempted use of the passport. The defense lawyer could have then argued, as I'm arguing here today, there's simply no proof that these were intended to be used at all. Why couldn't the defense lawyer have made that argument? Did the defense lawyer attempt to make that argument and was precluded from doing so? He made various arguments that the conduct, the underlying conduct was very vague, and there's no proof that it satisfied 1543. But the judge's instruction didn't require the government to satisfy 1543, and here they are in this court repeating that they don't have to prove it at all. So the issue was completely out of the case, and as a matter of law... What authority is there for the proposition that the defendant was entitled to such an instruction? Well, Judge, that's a great question, and it's particularly well aimed at yourself and Judge Nathan. I can't speak to Judge Robinson, but the two of you sat in the Southern District Trials for a long, long time and presided over myriad RICO trials, and both of you know that it's common practice in RICO, substantive RICO, to... So you're relying on the RICO cases where it is charged?  Are there any money laundering cases? Well, the government cites a summary order that is very close to this case, but then in some other contexts... I don't think respectfully that it's close to this case at all, because it's not just RICO. It's Travel Act, it's other compound crimes under Title 18, the other one that's mentioned in Carrillo, and the other cases escaping me right now, but this is common practice in our circuit. And, you know, even if theoretically, if theoretically you could get away without giving the instruction, where, as per Judge Nathan's inquiry, where the defense is hinting and intimating throughout and jumping up and down and saying we need an instruction on the elements of this very complicated statute, even if in some case it might be permissible to forego instruction, where this is the crux of the attempted defense in the case, that it doesn't satisfy the statute for whatever reason, dispensing with the reading of the statutory elements, torpedoes Kumar's attempted defense theory. So in the abstract, in some case where there's no dispute, you could get away with it and maybe find that the absence of an instruction, if error at all, was harmless, but not in this case. Not in this case. So we're going to get to hear from you again. Okay, I'm out. So we'll look forward to it. Thank you. We'll hear from Mr. Pertz. May it please the Court. My name is Josiah Pertz. I represent the United States and represented the United States at trial. Why is this different from RICO or Trial Act, where you do charge the jury on the underlying crimes? The Court's precedent provides the answer. Time and time again, the Court – Is there a reason for it besides the precedent? Because the context matters. In the Sting statute at issue, the crime is a legal fiction. It never happened. There is a representation that has to be made in order to communicate something such that the defendant believed it. And court after court has looked at this and said the kind of specificity which might be required where you have to prove every element of an actual crime is not required. Let me ask. It's not what 1543 says. But if 1543 specified U.S. passport, so you can't forge any U.S. passport purporting or an instrument purporting to be a U.S. passport, if 1543 included that as a requirement and this request to provide the text of the statute were made here, where it was an Indian passport, what would your response have been? What is it now? At some point, I mean, that would – if the statute were written differently and there weren't a crime, then it would be a different situation. So in that hypo, you would say something more would be needed, wouldn't you? I think that's right. Because there's a fact-specific determination. Right. So then on the – I think it doesn't. But on the use point, I mean, essentially, counsel's pointed to case law that suggests that it is sort of used in the United States or used with respect to a U.S. agent or law enforcement. I forget the case, but the – that there may be some territorial restriction or use within the United States required. Do you agree with that? The Morrison theory? Yes. Well, that misreads the statute. First, there are two prongs. There is the furnish with intent to use prong, which is the second, and then there's also the make with intent that it may be used, which is the first. That contemplates that somebody might forge a passport, meaning forge a usable passport.  So there's the making and the forging. So that's – first, it misreads the statute. And second, even if charged, the evidence, as the Court has pointed out already, would satisfy that. Right. So that's the – a harmlessness – that's a harmlessness analysis, wouldn't you say? That's right. If, in fact, there were such a requirement, any error would be harmless because there would be – there's no practical difference here. I haven't heard an argument either in the briefing or today as to why this matters at all. There was a representation made that somebody was forging passports, selling them to people in Georgia, people who, and the word was, need them, and Kumar himself used that. They don't need them as decorative items. And counsel conceded just a moment ago that his first reading was that he thought they might be used to travel back to India. Well, that would require U.S. use. People would have to travel through passport control here. So even under the web that he tries to weave, the evidence is sufficient. So here's what I'm struggling with about the statutory scheme here. If it were not a sting, if it were regular money laundering, then you would just have to prove knowledge that this was the proceeds of some form of unlawful activity. We wouldn't need to be, like, specific about, oh, this crime or that crime. You have to know it's dirty money. The sting subsection doesn't follow that framework. It says they have to believe to be the proceeds of specified unlawful activity, and the indictment here specifies the specified unlawful activity by a specific statute. You're not contending that any activity that relates to doctoring a passport necessarily qualifies and therefore supports money laundering, or are you? It would have to be for jury and false use of passport. Okay, but the jury wasn't told that, right? And isn't the argument, so let's imagine that the facts were a little murkier and the representation was that my guy is an artist, and he doctors passports as a commentary on the tyranny of national borders, and he sells them to hoity-toity art collectors for their collection. Same instruction. Is that going to support a money laundering conviction here? In that case, the jury would have to make that call. They would have to say, are the facts as specified enough that the defendant believed them to be a specified unlawful activity for jury and false use? And how does the jury make that determination if it doesn't know what the elements are of the specified unlawful activity in question? Like, what's the legal test against which it's weighing those facts to make that determination? This is exactly the same question that this court considered four times already. This dilemma is not new. It's an issue that a court, for instance, in Viner might have to face as to health care fraud. And the court's conclusion there was it's not the law that elements have to be specified, even in a much more complicated situation. It's much harder to try to come up with a hypothetical as to forging a passport, which is fairly straightforward, as it might be as to health care fraud, as to securities fraud and phloem. And in each of these cases, no elements had to be provided. Did we say no elements had to be provided, or did we say that the evidence was sufficient to support the conviction? In Viner, it is a very clear implication from the analysis that the elements did not have to be met. Right. But I just want to make sure I'm distinguishing. Those were sufficiency cases. Those were non-precedential. So let's assume for a minute that we're deciding the question without a binding precedent to tell us the answer, and let's just figure it out based on the statute and any binding precedent that applies. I'm still trying to understand in the hypothetical I gave you why it wouldn't be a problem, and maybe you're saying it would be a problem in that case, not to give the jury an instruction as to the elements of the underlying crime, because that's the only way the jury could then evaluate the evidence to figure out whether they think he believed that these were proceeds from a violation of that statute. Only to say that the cases that are not binding in terms of the summary orders still correspond with the approaches taken in Weidermeyer and Leslie, which were published opinions. Yes, they were sufficiency cases, but it ties together with the jury instructions because the question still looms. Is it enough for a law enforcement agent to represent something that doesn't hit every single part of a statute the way another substantive statute would require, and have the jury be able to find that there was sufficient evidence to prove that the representation met the requirements and that was fact-specific enough to show that this unlawful activity occurred? And I wonder whether the representations, I mean, one way to look at those cases is that the concept of representation is broad enough to include inferences to be drawn from them, and that's a way to sort of make sense out of those cases while still dealing with my hypothetical where you couldn't actually draw the inference that this conduct violated the statute properly understood. That question was too complicated. I missed it, I'm sorry. Yeah, no, that's fair enough. Go ahead. Well, I think it's a version of it, but how would you articulate the line, whether using Judge Robinson's hypothetical or mine, if 1543 contained a requirement for a U.S. passport and the case involved non-U.S. passports, and you said I think you rightly conceded at that point you would need more, so how would you articulate what that line is to guide district courts when they get to just sort of summarize the statute and when they're required to provide more? It would be a difficult line to try to articulate. The course that's been taken in each of the four cases cited is simply the citation of the name of the statute, that this is a case that alleges this specified unlawful activity, it's how it's written in the code, forgery of a false use of a passport, and other courts have found that satisfactory. Healthcare fraud is quite broad, and that was satisfactory. It's hard to say that, you know, because the other extreme is unsatisfactory as well, saying each element must be explained to the jury where representations don't have to be specific as each element creates this confusion issue and misinterprets the jury. You have to say the jury has to be able to infer from the communications that they had, that he represented and the money launderer defendant believed, and you pick your prong, or maybe you do multi-prong, but in here it wouldn't be that complicated. You'd say believed that this money came from forging, counterfeiting, or mutilating a passport or purporting to be a passport with an intent that it be used. One sentence. I mean, would that be that complicated? In this case, it would be not that different than just citing the title in terms of its practical implication. I mean, in terms of what the evidence supported, it certainly supported the words of your evidence. But in both of our hypotheticals, that would be a really important distinction, and maybe the modification for my colleague's hypothetical would be to say a U.S. passport, but it would give the jury a framework. Otherwise, aren't we merging the, aren't we getting rid of the specified unlawful activity and sort of moving towards the some form of unlawful activity, which is a very distinct standard on the non-sting section of the statute? The difference is the jury instruction does have to cite exactly what the unlawful activity is as named in the rest of the code. So we have to believe that a, we can reasonably expect a jury to take that citation to a federal statute title and be able to tell whether the evidence in that case supports a belief that somebody violated that without actually knowing what the components of that are. Other courts have gone with that as much as it certainly provides a choice. There's also some legislative history that supports a government's position, right? That's right. In terms of what the statute is for. As intended, yeah. It would hurt the purpose of the statute to require representations so specific that, in this court's words, citing Kaufman. In fact, doesn't the Senate report say that the defendant need only know that the proceeds represent, that the proceeds of some form of unlawful activity? I think that's a Senate report. That points at least toward the interpretation that this court's taking. Unless the court has further questions, the government respectfully requests that the judgment of conviction be affirmed. Thank you. Mr. Furch. Yeah, a bunch of quick points. It's not complicated. It's done in Vicar cases. That was what I was groping for in my first argument. Travel Act cases and RICO cases all the time without any particular difficulty. Is there a difference? I mean, this isn't a predicate act, right? It's something that the defendant has to believe that there's been a violation of that statute. Their belief doesn't have to be accurate given the factual presentation. And so I'm wondering whether that analogy sort of breaks down there. As my friend said, this is a legal fiction. It's a thought crime, a mind crime. So you have to know what he intended, and you have to know that he intended to breach the specific statute charge. And that segues nicely into the harmlessness point that I was about to address. It's not true. Is it right that he had to intend to breach the underlying statute, or is it not that he believes the proceeds to come from such activity?  He has to know that it came from that specified.  Yes, belief. Correct. He has to have a belief. That's very different from knowing all the elements of the crime or intending to commit all the elements of the crime. I'm not saying that he has to intend to commit elements of the crime, but the crux of this particular crime is use. Intended, actual, or attempted use. That's the gravamen of this crime. And the record is just a blank slate on that. And here's why it matters. If you look at page four of my opening brief, it's laid out right there in the introduction. This guy wasn't just any money launderer off the street. He was a, and this is not a great jury argument. It's not sexy, but it makes sense. This is a discriminating money launderer. He said over and over again in the record to the wired informant, I don't want to touch drugs. There's things I won't deal with. Why? Doesn't matter. He's a discriminating launderer. And if it's told to him that these passports, or he can infer that these passports are intended for domestic use to defraud the U.S. government, for example, he might have said, no way, I'm not touching that. He could have made a choice, just like in the aiding and abetting or attempting context. He could have got out for it, gotten out of it. So that's why it's not harmless. And I want to just give the court one hypothetical of my own to close. On their reading of this statute, I go to Times Square as a kid, which you could do when I was growing up. And I go into Times Square because I'm an ardent Zionist and I want to have an Israeli souvenir, but I don't want to go to Israel, and I buy a forged Israeli passport in Times Square. There's no evidence in the record what I intend to do with it. Maybe in the back of my mind someday I'm going to give it to a bar so I can get in if I'm underage or I'm going to put it in my stamp collection. On their theory of this statute, I'm violating 1543 just by having it with a forged Israeli passport, no evidence of intended use. I'm a federal felon and I'm subject to punishment by a minimum of 10 years in prison. That makes absolutely no sense to punish somebody under this statute for a hypothetical. And what's more, rightly or wrongly, this Court has held that that conduct is punishable under 1546A. I don't know if I agree with it, but that's the statute that should have been charged to you. 1546A if you look at Rahman. Thank you. Thank you, Mr. Ferguson. I appreciate it. Appreciate both your arguments. Well argued, and we will take it under advisement.